UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
STEPHEN HILL,

                           Plaintiff,

    -against-

CABLEVISION SYSTEMS CORP.,

                           Defendant.
-------------------------------------------------------X

<u>MEMORANDUM AND ORDER</u>

CV 08-0684

(Wexler, J.)

APPEARANCES:

    LAW OFFICES OF GREGORY S. LISI, P.C.
    BY: GREGORY S. LISI, ESQ.
    Attorney for Plaintiff
    55 Front Street, Suite 7
    Rockville Centre, New York 11570

    MORGAN, LEWIS & BOCKIUS LLP
    BY: AMBER KAGAN, ESQ.
    Attorney for Defendants
    101 Park Avenue
    New York, New York 10178

WEXLER, District Judge

This is an employment discrimination case commenced by Plaintiff Stephen Hill ("Plaintiff"), a former employee of Defendant Cablevision Systems Corp. ("Cablevision" or "Defendant"). Plaintiff claims discrimination in violation of the Americans With Disabilities Act, 42 U.S.C. § 12102 (the "ADA") and in violation of Section 296 of the New York State Executive Law.

Presently before the court is Defendant's motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint for failure to state a claim upon which relief

can be granted. For the reasons set forth below, the motion is denied.

## DISCUSSION

I.  Allegations of the Complaint

The allegations of the complaint, accepted as true in the context of this motion to dismiss, follow.

Plaintiff was employed by Defendant in its Technical Support Group ("TSG") from September of 2001, until his termination in April of 2006. As a TSG employee, Plaintiff was responsible for responding to customer inquiries regarding Cablevision services. Such support is provided to customers via telephone, e-mail, and live online conversation. Plaintiff was assigned to telephone support for two days a week, during which he used a headset to communicate with customers. According to Plaintiff, use of the headset resulted in his development of a condition known as tinnitus, which is characterized by a high pitched ringing in his ears.

After Plaintiff's physician advised him to discontinue use of the headset, Plaintiff requested, and was granted the accommodation of communicating with customers via e-mail and live support only. This accommodation was provided for a period of five months, after which Plaintiff was assigned to again communicate with customers via telephone. Defendant refused to thereafter continue the accommodation requested by Plaintiff. Defendant is alleged to have told Plaintiff that because he could not use a telephone, there was no position available for him and he was terminated.

Plaintiff alleges that the termination was a violation of the ADA on the ground of his hearing disability, and in retaliation for his complaint of discrimination. In support of his claims of discrimination Plaintiff alleges that he has a disability within the meaning of the ADA, i.e.,

2

that he was a person with a disability who was able to perform the essential functions of his job with a reasonable accommodation. He seeks back pay, front pay and damages.

III. The Motion to Dismiss

Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted. Specifically, Defendant argues that Plaintiff cannot show that he is disabled within the meaning of the ADA. It is further argued that Plaintiff fails to show that he was otherwise qualified to perform the essential functions of his job, with or without a reasonable accommodation. Finally, it is argued that the allegations of the complaint fail to set forth a claim for retaliation.

Plaintiff's opposition to the motion is based largely on the argument that it is premature to dismiss the case at this juncture. Essentially, Plaintiff argues that there are important questions of fact present that are not appropriately resolved in the context of a motion directed to the pleadings.

ANALYSIS

I. Legal Principles

A. Standard For Motions To Dismiss

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft-quoted" standard set forth in Conley v. Gibson, 355 U.S. 41, 78 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. The court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974.

3

The "plausibility" language used by the Supreme Court in Bell Atlantic, has not been interpreted by the Second Circuit to require a "universal standard of heightened fact pleading," but to require a complaint to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" Iqbal v. Hasty, 490 F.3d 143, 158 (2d Cir.2007) (emphasis in original). Further, courts have noted that while heightened factual pleading is not the new order of the day, Bell Atlantic holds that a "formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Williams v. Berkshire Fin. Grp. Inc., 491 F. Supp.2d 320, 324 (E.D.N.Y. 2007), quoting, Bell Atlantic Corp., 127 S. Ct. at 1959.

In the context of a motion to dismiss, this court must, as always, assume that all allegations set forth in the complaint are true and draw all inferences in favor of the non-moving party. Watts v. Services for the Underserved, 2007 WL 1651852 *2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. While a Rule 12 motion is directed only to the sufficiency of the pleading, the court determining the motion may rightfully consider written documents attached to the complaint as well as documents incorporated thereto by reference and those of which plaintiff had knowledge and relied upon in commencing her lawsuit. See Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Watts, 2007 WL 1651852 *2.

II.   Disposition of the Motion

Upon review and consideration of the submissions of the parties, and the applicable law,

the court holds that issues of fact are present that preclude dismissal of any of Plaintiff's causes of action. For example, the court is in no position to decide the precise nature and extent of Plaintiff's alleged disability. Nor is it appropriate to determine the essential functions of his job, and whether the accommodation requested was reasonable under the circumstances. While Plaintiff may or may not prevail on his claims, his complaint alleges facts that are sufficient to support his claims, and defeat a motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the complaint is denied. If they have not already done so, the parties are directed to contact the Magistrate Judge assigned to this matter for the purpose of entering into an appropriate discovery schedule.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
November 14, 2008